# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**DANNIE WARE, # 37944**                                    **PETITIONER**

**versus**                              **CIVIL ACTION NO. 5:12cv147-DCB-MTP**

**RON KING**                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of Dannie Ware for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondent's Motion to Dismiss [10] pursuant to § 2244(d), or in the alternative pursuant to 28 U.S.C. § 2254 (b) and (c). Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [10] be granted and that the Petition be dismissed with prejudice.

PROCEDURAL HISTORY

On or about April 19, 1995, Petitioner Donnie Ware pled guilty to murder in the Circuit Court of Claiborne County, Mississippi, and was sentenced to life imprisonment.[1]

Ware submitted his federal Petition for Writ of Habeas Corpus [1] on or about October 30, 2012, and an Amended Petition [6] on January 23, 2013, raising the following grounds (as stated by Joseph):

> Ground One:   8th (Eighth) Amendment Violation . . . The United States
>               Constitution forbids cruel and unusual treatment.
> Ground Two:   6th (Sixth) Amendment Violation: The United States Constitution
>               forbids ineffective assistance of counsel.
> Ground Three: Petitioner received an illegal sentence; which in itself is an
>               [sic] constitutional violation in every sense of the law(s) of
>               Mississippi and the United States Constitution. . . . The United
>               States Supreme Court ruled several months ago that defendant's

---

[1]*See* Ex. A to Motion [10].

> (sic) receiving life sentence's (sic), etc. that were under the age's (sic) of 18 (eighteen) were sentenced in violation of the United States Constitution . . . *Miller v. Alabama* . . . .
>
> Ground Four: 4th (Fourth) Amendment Violation: The United States Constitution forbids the coming into ones home, etc.

The Respondent contends that Ware's Petition was not timely filed and that it should be dismissed pursuant to 28 U.S.C. § 2244(d). Alternatively, Respondent contends that Ware's Petition should be dismissed for failure to exhaust available state court remedies pursuant to 28 U.S.C. § 2254(b).

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Ware's conviction became final prior to the AEDPA's effective date,[2] he had until April 24, 1997 to file his federal habeas petition. *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Ware did not file his federal

---

[2] Prior to July 1, 2008, Mississippi law allowed a defendant to appeal an illegal sentence, as opposed to a guilty plea. *See Trotter v. State*, 554 So. 2d 313, 315 (Miss. 1989); *Burns v. State*, 344 So. 2d 1189, 1190 (Miss. 1977); *see also Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Rampage v. Thorton*, No. 3:06cv511-TSL-JCS, 2007 WL 1087485, at *2 (S.D. Miss. March 15, 2007). Thus, Ware's conviction became final on May 19, 1995 (thirty days after his sentence).

The Mississippi Court of Appeals has since recognized that this exception no longer applies due to the amendment of Miss. Code Ann. § 99-35-101, effective July 1, 2008. *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010) (stating that Miss. Code Ann. § 99-35-101 (Supp. 2009), was amended effective July 1, 2008, to prohibit any direct appeal upon entry of a guilty plea, but recognizing that "prior to the amendment of the statute, a defendant, who entered a guilty plea and was sentenced, was allowed to challenge on direct appeal any sentence imposed as a result of his guilty plea").

petition until, at the earliest, October 30, 2012,[3] over fifteen years after the federal statute of limitations had expired. Based on the foregoing, Ware's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between April 24, 1997, and Ware's filing of the federal petition for habeas corpus on or about October 30, 2012, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. Ware did not file a motion for post-conviction relief in state court; thus, he is not entitled to statutory tolling.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at

---

[3]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

3

713 (quoting *Davis*, 158 F.3d at 811).

Ware has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition. Ware has not shown that he was "actively misled" or that he was prevented from asserting his rights. While Ware states that he was fifteen years old, illiterate, and ignorant of the law at the time of his conviction, ignorance of the law and being *pro se* do not constitute rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) ("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. . . . It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Ware further claims that Ground Three of his petition is not time-barred pursuant to the exception found in Section 2244(d)(1)(C) based on the recent Supreme Court case *Miller v. Alabama*, 132 S. Ct. 2455 (2012).[4] Section 2244(d)(1)(C) provides that "The limitation period shall run from the latest of – . . . (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C § 2244(d)(1)(C).

In *Miller*, the Court held that mandatory life-without-parole sentences for juveniles violate the Eighth Amendment. *Miller*, 132 S. Ct. at 2464. As pointed out by Respondent, in *Craig v. Cain*, No. 12–30035, 2013 WL 69128, at *1 (5th Cir. Jan. 4, 2013), the Fifth Circuit recently considered whether *Miller* was made retroactively applicable to cases on collateral

---

[4]The only ground that *Miller* could arguably apply to, and the only ground in which *Miller* is mentioned, is Ground Three, regarding Ware's alleged illegal sentence.

4

review.[5] In *Craig*, the petitioner was seventeen at the time of his offense and was originally sentenced to death; however, his sentence was commuted to life without the possibility of parole following the Supreme Court's decision in *Roper v. Simmons*, 543 U.S. 551 (2005). In *Craig*, the petitioner sought retroactive application of *Miller* in his collateral attack on his sentence. *Craig*, 2013 WL 69128, at *1. "A new rule is applied retroactively to cases on collateral review if it (1) 'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe' or (2) 'requires the observance of those procedures that are implicit in the concept of ordered liberty.'" *Craig*, 2013 WL 69128, at *1 (quoting *Teague v. Lane*, 489 U.S. 288, 307 (1989)).

The Fifth Circuit found that *Miller* established a new rule in that it pronounced for the first time a requirement of individualized sentencing outside the death penalty context. *Craig*, 2013 WL 69128, at *1. However, the Fifth Circuit held that *Miller* was not retroactively applicable because it failed to meet either of the two *Teague* exceptions to the general bar to retroactivity of new rules on collateral review. *Id.* at *1-*2. The court found that *Miller* did not meet the first *Teague* exception because "it does not categorically bar all sentences of life imprisonment for juveniles; *Miller* bars only those sentences made mandatory by a sentencing scheme." *Id.* at *2. The court held that Miller did not meet the second *Teague* exception because it did not "qualify as a 'watershed rule[ ] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* at *2 (quoting *Beard*, 542 U.S. at 417).

For the reasons set forth by the Fifth Circuit in *Craig*, *Miller* is not retroactively applicable to cases on collateral review. *See also In re Morgan*, --- F.3d ----, 2013 WL 1499498,

---

[5]Although the court recognizes that *Craig* is an unpublished opinion and, thus, not binding precedent (*see* Fed. R. App. P. 47.5.4), the court finds its reasoning persuasive.

at *2 (11th Cir. Apr. 12, 2013) (denying petitioner's Section 2255 petition, finding that *Miller v. Alabama* was not retroactive since the "Supreme Court has not held that *Miller* is retroactively applicable to cases on collateral review"). Thus, the court is of the opinion that Ware has failed to meet the exception set forth in Section 2244(d)(1)(C).

## CONCLUSION

Ware had until April 24, 1997, to file his federal habeas petition. Ware did not file his federal petition until October 30, 2012, and the court concludes that he has failed to meet his burden of proving that equitable tolling is appropriate and has failed to meet the exception set forth in Section 2244(d)(1)(C). Therefore, his petition is barred as untimely pursuant to Section 2244(d). Having found that the petition is barred and should be dismissed with prejudice, the court declines to reach Respondent's alternative argument that the petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the Respondent's Motion to Dismiss [10] be GRANTED and that Ware's Petition [1] for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 10th day of May, 2013.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge